UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff, )<br>)<br> vs. )<br>)<br>TIMOTHY ALLEN PARSONS, )<br>)<br>  Defendant. ) | Case No. 4:05CR00355 ERW |

## **ORDER**

This matter is before the Court upon the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler [doc. #33] pursuant to 28 U.S.C. § 636(b). The Court notes that Defendant filed Objections to the Report and Recommendation of United States Magistrate Judge [doc. #34], which recommended that Defendant's Motion to Suppress Evidence and Statements [doc. #23] be denied. Defendant objected to the Report and Recommendation arguing that (1) "it is against the weight of the evidence and the law;" (2) the Magistrate erred in finding that the arresting officer, after making the traffic stop, developed justification for a greater intrusion unrelated to the traffic offense under *United States v. Lyton*, 161 F.3d 1168 (8th Cir. 1998); and (3) the Magistrate erred in finding that the automobile exception includes all *locked* containers since the container in *United States v. Ross*, 263 F.3d 844 (8th Cir. 2001), was not locked.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a de novo review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

1

This Court finds that the arresting officer developed justification for a greater intrusion beyond the scope of the traffic offense underlying the traffic stop. In *United States v. Lyton*, the court found that

> [a]fter stopping the truck for the traffic violation, Brehm properly asked questions reasonably related to the stop, including requests for identification and registration and questions relating to presence in the area, destination and purpose. In addition, because Turner and Lyton gave inconsistent stories, Brehm was entitled to expand the scope of the stop and ask additional, more intrusive, questions.

161 F.3d at 1170 (internal citations and quotations omitted). In this case, Defendant gave inconsistent answers to initial requests for information from the officer. As the Magistrate noted throughout the Report and Recommendation, Sheriff Blankenship asked for Defendant's registration and insurance. The Sheriff discovered that Defendant, who lives in Pennsylvania, had flown to California and rented a car. Based on Defendant's responses, the Sheriff asked follow-up questions relating to where he was going and why he did not fly home from California. Defendant gave inconsistent explanations about dropping off construction plans in St. Louis, Missouri and Little Rock, Arkansas. Thus, the Court finds that Sheriff's Blankenship was justified in asking questions beyond the scope of the initial reason for the traffic stop.

This Court finds that the arresting officer was permitted to open Defendant's locked briefcase pursuant to the automobile exception to the warrant requirement. In *United States v. Ross*, the Supreme Court held that

> [a] warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

456 U.S. 798, 821 (1982). While it is true that the Court did not address locked containers specifically, the rationale of the Court's holding in *Ross* would apply to such situations. In *U.S. v. Cortez-Rocha*, the Ninth Circuit analyzed the rationale underlying the *Ross* opinion. 394 F.3d 1115, 1120 (9th Cir. 2005). In that case, Defendant argued that officers were not permitted to cut into his spare tire to search for drugs. *Id*. The court reasoned that

> [i]n order for an inspector to search the inside of the tire, cutting the tire may be necessary. Were we to require reasonable suspicion to conduct similar searches of common vehicular compartments, we would seriously impair the ability of the government to deter, detect, and prevent the unlawful smuggling across the country's borders. Any locked container would be protected by the rule Cortez seeks. A reasonable suspicion requirement in this context would remove the significant deterrent effect of suspicionless searches and encourage the use of spare tires and other locked containers as a means of smuggling.

*Id*. The Eighth Circuit has not ruled on the precise issue of whether an officer may open a locked container pursuant to the automobile exception. However, in *United States v. Hill*, the court found that it was reasonable for officers to pry open a locked glove compartment in a car under the automobile exception to the warrant requirement pursuant to similar reasoning. 386 F.3d 855 (8th Cir. 2004). Although the officers pried open a locked briefcase in this case, the intrusion is similar to *Hill*. Furthermore, a search pursuant to the automobile exception to the warrant requirement may be as broad as if a Magistrate signed the warrant, *Ross*, 456 U.S. at 818, and courts have held that an officer may search locked containers in car with warrant issued by a Magistrate. *See U.S. v. Whiddon*, 2005 WL 1963007 *3 (11th Cir. 2005); *U.S. v. Jackson*, 120 F.3d 1226, 1228-29 (11th Cir. 1997). For all of the foregoing reasons, Defendant's Motion will be denied. After consideration of the issues, the Court hereby sustains, adopts and incorporates herein the Magistrate's Report and Recommendation.

Accordingly,

3

**IT IS HEREBY ORDERED** that Defendants' Motion to Suppress Evidence and Statements [doc. #23] is **DENIED**.

Dated this 9th day of November, 2005.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE